UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re | ) |
| | ) Case No: 23-10981-PMM |
| DANIEL LUIS DE LA TORRE, | ) |
| | ) Chapter 7 |
| Debtor. | ) |

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

Gary F. Seitz, Chapter 7 Trustee ("Trustee"), who respectfully requests that the Court approve a proposed settlement of a controversy concerning the assets of this estate and as grounds therefore states as follows:

1. The property of this bankruptcy estate includes the Debtor's nonexempt equity interest in real estate located at 90 Caernarvon Dr. Elverson PA ("Real Estate"). The Debtor scheduled the value of the real estate to be $574,900 with liens totaling $483,139.00 and an exemption of $27,900.00.

2. Based on the Debtor's figures, the fair market value of Debtor's nonexempt equity interest in real estate is $63,861.00. The Trustee demanded that the Debtor pay the nonexempt equity to the Trustee in lieu of offering the Real Estate for sale.

3. After extensive negotiations and further investigation by the Trustee, it was discovered that the resale value of the property may be significantly less than estimated by the Debtor due to its poor condition. Specifically, the house needs a new air conditioning unit and a new roof. The stucco needs remediation due to water getting behind it and causing mold. The deck and back door of the house are also in need of replacement.

4. After deduction of anticipated costs of repair and sale the Trustee and the Debtor

2225358-1

both jointly agree that the fair and equitable value of the exemption is $20,000.00.

5. The Debtor has agreed to pay the sum of $20,000.00 to the Trustee in installments and pursuant to the terms set forth in the attached Settlement Agreement.

6. The Trustee believes that the proposed settlement agreement is appropriate under the circumstances. A settlement of this matter saves the bankruptcy estate any expenses and fees incurred in a public sale and the bankruptcy estate is not guaranteed a specific price or value if this property were sold due to its condition.

7. The Trustee believes that the proposed settlement agreement with the Debtor will result in a meaningful distribution to unsecured creditors in this case. The Trustee's analysis is as follows:

| Settlement with debtor: | $20,000.00 | |
| Trustee Commission: | ($2,750.00) | |
| Trustee Est'd Expenses: | ($250.00) | |
| For creditors: | $17,000.00 | Estimated distributions range from $16 to $7,800. See attached pro forma estimated distribution report. |

8. The resolution of these issues arising between the Trustee and Debtor in this fashion will allow for the efficient administration of the bankruptcy estate and will resolve disputed issues without the need for costly litigation.

9. Prior to entering into the Stipulation and Settlement Agreement, the Trustee evaluated the merits of the claimed exemption, alternative exemptions that may be available, and the poor condition of the real estate and he is satisfied that there is little benefit to be gained in trying to sell the real estate or engaging in litigation, with all of the attendant costs and risks.

10. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *In re Mavrode*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997). To achieve these results, Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve a compromise or settlement by a trustee after notice and a hearing.

11. In applying this rule, a bankruptcy court should approve a settlement if it is fair and equitable and is in the best interest of the estate. I*n re Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997). To properly make this determination, a bankruptcy judge "must assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 356. *See also Martin*, 91 F.3d at 393.

12. The United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court must consider approving a settlement stipulation. Specifically, the bankruptcy court must examine: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *Martin*, 91 F.3d at 393.

13. In addition to these criteria, courts have scrutinized additional factors. These additional factors include: (1) the competency and experience of counsel who support the settlement; (2) the relative benefits to be received by individuals or groups within the class, (3) the nature and breadth of releases to be obtained by the parties to the settlement; and (4) the extent to which the settlement is the product of arm's length bargaining. *In re 47-49 Charles Street, Inc.*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Spielfo Gel*, 211 B.R. 133, 144 (Bankr.

S.D.N.Y. 1997); *In re Dow Coming Corp.*, 198 B.R. 214, 223 (Bankr. E.D. Mich. 1996).

14.    The settlement contemplated here meets the standards articulated above. The settlement contemplated here resolves disputes over the value of the nonexempt property, Debtor's interest in the Real Estate, the applicability of claimed and possible exemptions, whether grounds exist for conversion, and all without the costs and risks of further litigation.

15.    For the reasons set forth herein, and those that may be presented at a hearing, the Trustee respectfully requests that the Court issue an Order pursuant to Bankruptcy Rule 9019 approving the Stipulation and Settlement Agreement.

WHEREFORE, the Trustee respectfully requests that the above compromise be approved; the Trustee be authorized to execute all documents necessary to effectuate this compromise, the entry of an Order in the form attached hereto, and granting such other and further relief as is just and equitable.

Dated: <u>May 10, 2024</u>      /s/ Gary F Seitz

Gary F. Seitz
Chapter 7 Trustee
Gellert Seitz Busenkell & Brown, LLC
901 Market Street, Suite 3020
Philadelphia, PA 19107
Telephone: (215) 238-0011

4